UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES BRIDGES,                )
        Plaintiff,          )
                                )
   v.                           )   C.A. No.  05-10825-EFH
                                )
THOMAS HODSON, SHERIFF, BRISTOL )
COUNTY HOUSE OF CORRECTION,     )
ET AL.,                         )
        Defendants.         )

## MEMORANDUM AND ORDER

For the reasons stated below: 1) Plaintiff shall either pay the $250.00 filing fee or he shall file a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified copy of his prison account statement for the past six (6) months; 2) Plaintiff's motion for appointment of counsel is Denied; and 3) if Plaintiff files an Application to Proceed Without Prepayment of Fees accompanied by his prison account statement, he is also directed to show cause, within forty-two (42) days of this Memorandum and Order, why this action should not be dismissed for the reasons stated herein.

## FACTS

On April 13, 2005, plaintiff Charles Bridges, a prisoner in custody at the Bristol County House of Corrections ("B.C.H.C."), filed his self-prepared § 1983 civil rights complaint against the Sheriff and medical personnel at the prison alleging cruel and unusual punishment in failing to provide him proper medical treatment with respect to a foot problem and an eye injury sustained while working at the prison.  Plaintiff seeks monetary damages against each defendant.

ANALYSIS

I. The Filing Fee

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. § 1915(a)(2).[1]

Plaintiff is advised that, unlike other civil litigants, prisoner plaintiffs are <u>not</u> entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the <u>full</u> amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Accordingly, the Plaintiff is Ordered to either pay the $250.00 filing fee, or in the alternative, file a completed Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement. The clerk is directed to provide a blank Application form to Plaintiff, along with a copy of this Order.

If Plaintiff submits the filing fee in its entirety, or if he files a completed Application to

---

[1] For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing prison account transactions for the six months prior to the date of the complaint.

proceed *in forma pauperis*, he is also directed to demonstrate good cause, within forty-two (42) days, why this action should not be dismissed for the reasons stated herein. If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

    II. <u>Order to Treasurer's Office at B.C.H.C.</u>

To the extent that the Superintendent or the Treasurer's Office at B.C.H.C. requires a Court Order to provide Plaintiff with his prison account statement, it is hereby ORDERED that <u>the Treasurer's Office at the Bristol County House of Corrections (B.C.H.C.), or any other facility housing the Plaintiff</u> shall, upon request by Plaintiff, provide this Court with a certified copy of Plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding April 13, 2004 (date complaint was filed), and specifically include the following information: 1) the average monthly deposits to Plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding April 13, 2004.

    III.   <u>Plaintiff's Complaint is Subject to Screening</u>

Because Bridges is a prisoner, he is advised that he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. <u>See</u> 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact,

Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A also authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

In this case, even construing Plaintiff's pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), Plaintiff's action is subject to dismissal for the reasons stated below.

IV.    Failure to Exhaust Administrative Remedies.

To the extent that Plaintiff is complaining about the inadequacy of medical treatment while imprisoned, it is deemed to be a complaint about the conditions of confinement, and as such, Plaintiff is required first to exhaust his administrative remedies within the prison.

Section 1997e(a) provides that no action shall be brought with respect to "prison conditions" under § 1983 by a prisoner "until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a).  Prison conditions, for purposes of § 1997e(a), have been broadly interpreted to include "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002).  Thus, plaintiff's claims about his lack of proper medical treatment are subject

to the exhaustion of remedies requirement.  See id.; accord Menina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002).  See also  Booth v. Churner, 532 U.S. 731, 740 (2001) (a prisoner must exhaust all available administrative processes regardless of the relief offered through those procedures); accord Menina-Claudio,  292 F.3d 31, 35 (1st Cir. 2002) (no futility exception to the exhaustion requirement);  cf. Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002) (citation omitted) (although the exhaustion requirement is not jurisdictional, it is mandatory).  The failure to exhaust  stands as an adequate grounds to dismiss the case.

> V. Deliberate Indifference Claims

Even under a generous reading of the complaint, crediting all Plaintiff's allegations as true and making reasonable inferences from them in his favor,  Plaintiff has not provided any factual support to make out a § 1983 claim, and thus has not met the sufficiency requirement to subject matter jurisdiction.[2]   Because the deficiencies in the complaint also raise an issue whether this action may subsequently be dismissed for failure to state a claim upon which relief could be granted, both matters will be addressed together here.

In the prison context, when an inmate (or in this case former inmate)  alleges that prison officials[3]  violated his Eighth Amendment rights, the inmate "must prove that the defendants'

---

[2]The First Circuit, in considering a motion to dismiss for lack of subject matter jurisdiction has used the "sufficiency challenge" method, which "accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency, thus requiring the court to assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

[3]Whether the medical staff at the prison can be considered a state actor for purposes of § 1983 is  not entirely clear in this case, because the nature of the contractual relationship with the prison is unknown at this time.  However, defendant doctors, who may be private physicians but who are under contract with a prison to provide medical care to inmates, have been deemed to be properly sued as state actors under § 1983. Brown v. Ionescu, 2004 WL 2101962, at *3

actions amounted to "deliberate indifference to a serious medical need."" DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); See also Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference has been defined as "conduct that offends evolving standards of decency in a civilized society." DesRosiers, 949 F.2d at 18, citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981), Estelle, 429 U.S. at 102-03.  In evaluating whether a deprivation constitutes "deliberate indifference," courts have looked to both objective and subjective components. See, Id.  Objectively, there needs to be a "serious" deprivation.  Subjectively, the deprivation must have been "brought about in wanton disregard of the inmate's rights."  Id. citing Wilson v. Seiter, 501 U.S. 294 (1991).  In evaluating the quality of medical care in prison, practical constraints facing prison officials must be considered. DesRosiers, 949 F.2d at 19. "...[I]nadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference." Id. citing Whitley v. Albers, 475 U.S. 312, 319 (1986) (other citations omitted).

A "serious" medical need is one which involves a substantial risk of serious harm if it is not adequately treated.  Kosilek v. Maloney, 221 F. Supp. 2d 156, 160 (D. Mass. 2002).  Typically, it is a need that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990).

Here, Plaintiff appears to have sufficiently alleged he has a "serious medical need" both

---

(S.D.N.Y. September 21, 2004), citing  West v. Atkins, 482 U.S. 42  (1988). For purposes of this discussion only, and without deciding the issue, the Court will address the § 1983 issues under the presumption that the defendant medical staff could be deemed state actors.

with respect to his foot problems, exacerbated by his diabetes, as well as an eye injury. However, even if it could be said that Plaintiff has alleged a "serious medical need," he has nevertheless failed to plead sufficient facts from which "deliberate indifference" on the part of the defendants can be inferred. A showing of deliberate indifference requires more than mere inadvertent, negligent, or even grossly negligent failure to provide medical care. See Farmer, 511 U.S. at 835. Such failures do not rise to the level of an Eighth Amendment violation. Estelle, 429 U.S. at 105. An inmate is not entitled to the care of his choice.

Thus, under this standard, Plaintiff's allegations of "unprofessionalism," "lack of expertise," and denial of his requests without explanation, do not set forth a deliberate indifference claim under § 1983. A § 1983 claim based on medical care must allege more than medical malpractice, and disagreements about the proper medical care do not rise to the level of a § 1983 claim. See, e.g., Estelle, 429 U.S. at 106 (disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment or simple medical malpractice do not rise to the level of cruel and unusual punishment); DesRosiers, 949 F.2d at 19 (same); Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980) (dismissing for failure to state a claim where party's challenge to medical care focused upon the quality and source of the medical treatment received).

In light of the above, these claims are subject to dismissal for lack of jurisdiction (as well as the failure to state a claim upon which relief may be granted).

VI.     The Motion for Appointment of Counsel

The decision to appoint counsel is discretionary, and a civil litigant does not have a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823

(7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003) (state prisoner had no right to counsel to collaterally attack sentence).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991).  See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003) (Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS).  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  DesRosiers, 949 F. 2d at 23-24 (citations omitted).

    Here, Bridges has not shown in the first instance that he is entitled to *in forma pauperis* status, because he has failed to provide his prison account statement and Application to Proceed *in forma pauperis*.  Even if Bridges were assumed to qualify for *in forma pauperis* status, he has not yet demonstrated the kind of "exceptional circumstances" that warrant appointment of Pro Bono counsel.  Bridges' assertion that he lacks legal knowledge or expertise and that it would be unfair if he were forced to represent himself, is insufficient to meet the standard.  The fact that he is appearing *pro se*, has no funds, and, absent counsel, may not be on a level playing field with the Defendants do not raise any unique circumstance warranting the expenditure of limited Pro Bono resources at this time.  Indeed, if such assertions were deemed sufficient to provide a basis for appointment of counsel, then virtually every *pro se* prisoner would qualify.

Accordingly, the motion for appointment of counsel is Denied without prejudice to renewing after he compliance with this Memorandum and Order with respect to both the filing fee and the Order to show cause why the case should not be dismissed, and upon filing of a renewed motion showing exceptional circumstances exist to warrant the appointment of counsel.

## CONCLUSION

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1. Within forty-two days (42) of the date of this Memorandum and Order, Plaintiff shall either pay the $250.00 filing fee, or he shall file an Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement in accordance with 28 U.S.C. §1915(b). Upon request by Plaintiff, the prison Treasurer's Office is directed to provide such statement to the Court, in accordance with this Memorandum and Order.

2. Plaintiff shall, within forty-two (42) days of the date of this order, show cause why this action should not be dismissed for the reasons stated herein.

3. The Motion for Appointment of Counsel is Denied without prejudice.

Dated: May 2, 2005                         /s/ Edward F. Harrington
                                           EDWARD F. HARRINGTON
                                           UNITED STATES DISTRICT JUDGE